STEVEN L. LEVITT
KAREN L. WEISS
_____

IRENE TENEDIOS*
TREVOR M. GOMBERG* †
_____

MATTHEW I. KOOPERSMITH*
IGOR M. MURTA

_____
\* Also Admitted In New Jersey
† Also Admitted In D.C. and Florida
‡ Also Admitted in Texas



Of  Counsel
HON.  EDWIN KASSOFF
Presiding Justice, Appellate Term
NYS Supreme Court, Retired
(1924-2015)

ROSE LEVITT
JAMES E. BRANDT
MICHAEL D. SCHIMEK‡
_____

November 28, 2022

**VIA ECF & EMAIL**
CronanNYSDChambers@nysd.uscourts.gov
Honorable John P. Cronan, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street Room 1320
New York, NY 10007

Re:    **Exelon Generation Company, LLC v. East Coast Power & Gas, LLC**
       **Southern District of New York, Civil Action No. 1:20-cv-9625 (JPC)**

Your Honor:

      We represent Defendant/Judgment-Debtor, East Coast Power and Gas, LLC ("East Coast"), in connection with a post-judgment subpoena issued by Plaintiff/Judgment Creditor, Exelon Generation Co., Inc. ("Exelon"), upon non-party Signature Bank styled: "Subpoena to Produce Documents, Information, and Ad Testificadum" ("Signature Bank Subpoena").  (A true and correct copy of the Signature Bank Subpoena is annexed hereto as **Exhibit A**).

      East Coast respectfully files this motion ("East Coast Motion") in accordance with Rules 1. A. and 5. C. of Your Honor's "Individual Rules and Practices in Civil Cases" ("Court Rules"), for an Order granting the following relief: (i) issuing a Protective Order pursuant to Fed.R.Civ.P. 26(c) ("Rule 26(c)"); and (ii) quashing the Signature Bank Subpoena pursuant to Fed.R.Civ.P. 45(d)(3)(A) ("Rule 45").  It is respectfully submitted that the East Coast Motion should be granted in all respects.

**East Coast's Good Faith Attempts to Confer in Good Faith**

      The filing of the East Coast Motion should never have been necessary.  The written email string evidencing counsels' communications reflects Exelon's material delay – and then a failure to respond whatsoever – to even the threshold legal deficiency of the Signature Bank Subpoena ("Point I.)  (Emails collectively annexed hereto as **Exhibit B**).  Indeed, East Coast was required to prepare the East Coast Motion over the Thanksgiving Holiday weekend in order to timely file today.  (**Exhibit C**).  The attached email string (**Ex. B**) is this a "relevant attachment" in accordance with Court Rule 1. A.



Pursuant to Rule 5.C. of the Court's Rules, I attempted to confer in good faith with the attorney for Exelon who had issued the Signature Bank Subpoena by : (i) my call to that attorney on November 10, 2022 (at 1:15 p.m.); and (ii) an email sent on November 11th (at 7:11 a.m.). The attorney who had issued the Signature Bank Subpoena never responded to me.

I was contacted by another attorney on behalf of Exelon on November 11th.  I raised the threshold issue set forth below (Interrogatories not permitted which merely required a review of Rule 45) who represented that I would hear back shortly.  I never heard back from that second attorney.  On November 17th, I sent another email to the second attorney requesting a response to the threshold issue by the close of business that day.  I never heard back.  On November 21st (Monday at 4:36 p.m.), I received an email from that attorney who proposed that we speak on November 23rd – the day before Thanksgiving and the last business day before the stipulated date for the filing of this motion (to wit: today).  I wrote an email back on November 22nd (Tuesday) explaining I was not available the day before thanksgiving and requesting to speak that day or to adjourn the return date.  I never heard back.

### East Coast Has Standing to Move Against the Signature Bank Subpoena

East Coast has standing to move against the Signature Bank Subpoena because the documents and information sought pertain to East Coast and East Coast has a "personal right or privilege" thereto.  Solow v. Conseco, Inc., No. 06 CIV. 5988 BSJTHK, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) ("Courts have recognized that parties with a privacy interest in subpoenaed documents have standing to oppose the subpoena.").

### I.        The Signature Bank Subpoena Wrongfully Contains Interrogatories

The Signature Bank Subpoena was issued solely under Rule 45.  In violation of Rule 45, the Signature Bank Subpoena improperly propounded "Interrogatories" which were interposed under the heading "Questions To Be Answered Under Oath".  (**Ex. A** at Sch. A).  Pursuant to Rule 45(d)(2)(A), a subpoena is permitted to request the production of documents and permits a party to be "commanded to appear for a deposition, hearing or trial."  Not to have to respond to Interrogatories.  For this reason, the Interrogatories propounded in the Signature Bank Subpoena should be stricken.  (Certain Interrogatories are also overbroad and improper).

### II.        The Signature Bank Subpoena Document Requests Are Improper

The Signature Bank Subpoena contains nine (9) Document Requests – several of which contain multiple unmarked subparts.  The Document Requests are improper based on the following separate and independent grounds:

- **First**:  The Signature Bank Subpoena Document Requests are unlimited in both time and/or scope.  (Ex. A at ¶¶ 2-9).  It is respectfully submitted that the Signature Bank Subpoena should be stricken and that any subsequent "modification" should be denied.

- **Second:**  The Signature Bank Subpoena Document Requests improperly request "drafts". See (Ex. A at ¶6).

- **Third:**  The Signature Bank Subpoena Document Requests improperly seek the production of documents in which East Coast – a Limited Liability Company -- is a "Director" or "Officer".  See (Ex. A at ¶6).

- **Fourth:**  The Signature Bank Subpoena Document Requests improperly seek the production of "all documents on which you relied to answer the information subpoena questions set forth above."  See (Ex. A at ¶9).

### III.  The Signature Bank Subpoena Seeks Confidential And Protected Information

The Signature Bank Subpoena seeks information and documentation that is confidential and protected.  Courts have generally held that "the production of a Social Security Number carries a significant privacy right to the party whose Social Security Number is being disclosed." See *Soto v. ECC Indus., Inc.*, No. CV 2005-4764 BMC, 2006 WL 2375465, at *1 (E.D.N.Y. Aug. 14, 2006). "Rule 45(d)(3)(A)(iii) mandate[s] that a Court Quash or modify any Subpoena that requires disclosure of privileged or other protected matter." *Bhatt v. Lalit Patel Physician P.C.*, No. 18-CV-2063-ILG-SJB, 2020 WL 13048694, at *2 (E.D.N.Y. Oct. 19, 2020).

It is respectfully requested that the East Coast Motion be granted in all respects.

No prior application for any of the relief sought herein has previously been made to this or any other Court.

### CONCLUSION

For all of the foregoing reasons, and also in light of Exelon's failure to meet and confer in good faith, it is respectfully requested the Signature Bank Subpoena be stricken and that the East Coast Motion be granted in all respects.

Respectfully submitted,

**LEVITT LLP**

By:  __/s/  *James E. Brandt*_____
    James E. Brandt, Esq. (JB 1785)

Defendant's motion for issuance of a protective order and to quash a subpoena issued to Signature Bank is denied.  The Court issued a Default Judgment on April 5, 2022 after Defendant, an LLC, failed to retain new counsel.  *See* Dkt. 85.  The Court did not retain any jurisdiction to enforce the judgment, and so that order terminated this case.  Defendant's motion to quash a subpoena and for issuance of a protective order is therefore procedurally improper.  The Court also notes that it previously granted a motion to withdraw as counsel for Defendant filed by Levitt LLP, *see* Dkt. 31, after Defendant "formally discharged Levitt LLP as counsel," Dkt. 26-1 ¶ 3.  Nor does Levitt LLP purport to represent Signature Bank, the non-party subject to the subpoena. Accordingly, the Clerk of Court is respectfully directed to close Docket Number 95.

SO ORDERED.

December 2, 2022
New York, New York

JOHN P. CRONAN
United States District Judge